**KENTUCKY BAR ASSOCIATION,**
Complainant,

v.

**Thomas F. HARDESTY, Respondent.**

**No. 89–SC–173–KB.**

Supreme Court of Kentucky.

June 29, 1989.

Ray Clooney, Bruce K. Davis, Kentucky Bar Ass'n, Frankfort, for complainant.

Hugh D. Moore, Moore, Moore, Malone & Burlew, Owensboro, for respondent.

### OPINION AND ORDER

This disciplinary matter on review from the Kentucky Bar Association [KBA] in-volves former Daviess District Judge Thomas F. Hardesty. The KBA charged Hardesty with multiple counts of violating the Code of Professional Responsibility, in particular Disciplinary Rules 1–102(A)(3), (4), (5) and (6), and 8–101(A)(3). These charges were brought as a result of Hardesty's misconduct when he was a Judge. When the incidents became known Kentucky's Judicial Retirement and Removal Commission [JRRC] began an investigation of Hardesty. Soon thereafter Hardesty re-signed his office. The JRRC publicly censured Hardesty for his official misconduct about three months later. The following year the Inquiry Tribunal of the KBA filed the current charge against Hardesty based on the same conduct.

The gravamen of the complaint against Hardesty is that as a judge he made un-toward propositions to females who were before his court as criminal defendants. There is a strong indication that he was offering the women the court's leniency in exchange for favors of them. There is no question that such conduct is reprehensible. He argues, however, that he has already been punished by the JRRC, and that the KBA cannot now subject him to more discipline as a result of the same misconduct. He also argues that the JRRC had exclusive jurisdiction to discipline him for the conduct in question.

Section 121 of Kentucky's Constitution provides in part that:

> Subject to rules of procedure to be estab-lished by the Supreme Court, and after notice and hearing, any justice of the Supreme court or judge of the Court of Appeals, Circuit Court or District Court, may be retired for disability or suspend-ed without pay or removed for good cause by [the JRRC].

The Constitution specifies sanctions that apply to the judge in his judicial capac-ity. However, the rule promulgated to govern the JRRC, SCR 4.020(1)(b), errone-ously gives the JRRC jurisdiction to impose additional sanctions relating to the individ-ual's right to practice law. It provides for sanctions of suspension or disbarment from the practice of law. This rule is beyond the

scope of Section 121 and is therefore unconstitutional.

We believe that we must dismiss the KBA charges because of the conflict that existed between the rule and the Constitution, although a one year suspension from the practice of law would be otherwise appropriate as a penalty.

■ Having declared unconstitutional so much of SCR 4.020(1)(b) as authorizes sanctions as a lawyer, in the future it will be appropriate for the Bar Association to proceed against the individual in his capacity as a lawyer, as provided for in SCR Rule 3, regardless of 'the action taken by the JRRC.

This action is hereby dismissed.

STEPHENS, C.J., and COMBS, LAMBERT, LEIBSON and WINTERSHEIMER, JJ., concur.

VANCE, J., dissents and would affirm the one-year suspension.

GANT, J., not sitting.

ENTERED: June 29, 1989.

/s/Robert F. Stephens
Chief Justice